Edward A. Danko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Ryan's Tire Center, Respondents.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Simon B. John,* with him *John & John,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 12, 1979:

In this case, Edward A. Danko (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's denial of benefits under Section 402(e) of the Unem-

ployment Compensation Law[1] for willful misconduct. The only question before us is whether or not the evidence supports the Board's finding that the claimant was attempting to remove property from his employer's premises without permission.

The claimant was observed by a police officer while in the process of removing tires from his employer's warehouse after working hours. The police officer subsequently informed the employer, who thereupon dismissed the claimant. Although criminal charges were filed, a nolle prosequi was later entered. At the hearing before the referee the employer testified as to the reason for the claimant's dismissal and refuted the claimant's contention that he was acting on the order of his superiors. The police officer also testified as to his observations.

The referee and the Board chose to believe the employer, and it is the function of the fact-finder to resolve questions of credibility. *Meneely v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977). Moreover, there is substantial evidence in the form of the employer's and the police officer's testimony, to support the Board's findings, and they are therefore conclusive. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978). Finally, we observed in *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974), that an acquittal on criminal charges is not determinative of the issue of willful misconduct. Similarly, we do not think that the nolle prosequi here precludes a finding by the Board that the claimant's actions constituted willful misconduct.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The order of the Board is affirmed.

ORDER

AND Now, this 12th day of February, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.