Mary E. Torelli, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Joseph L. Carney*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, August 10, 1979:

Claimant Mary Torelli appeals from the decision of the Unemployment Compensation Board of Review (Board) affirming the referee's determination that claimant was ineligible for compensation under the provisions of Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), in that claimant was discharged for willful misconduct. We affirm.

Claimant alleges that the Board erred as a matter of law in finding that her placement of purchase or-

ders, without approval, amounted to "willful misconduct"; claimant contends that the totality of circumstances surrounding the violations failed to support either a wanton disregard of the employer's interests, or an act inimical to her employer's best interests.

The evidence indicates that the employer notified claimant of his basic policy regarding the ordering of materials; claimant did not dispute the existence of that policy. The employer testified that he told claimant that all material purchase orders had to be signed or acknowledged by the employer, and that claimant nevertheless placed at least five orders without the employer's required signature.

The employer testified that when he noticed orders being placed without his initialed approval or his actual knowledge, he instructed claimant that it was imperative, in order to control the inventory, that orders be shown to him before they were released.

The event culminating in claimant's discharge occurred on June 16, 1977 when claimant ordered, without the employer's approval, $1,000.00 worth of ribbon from a salesman from whom they had never purchased ribbons. Employer testified that he was just across the street at the time the order was placed but claimant did not confirm this unusually large order with him. Employer testified that when he discovered the unauthorized order the next day, it was impossible to cancel it because the materials were already en route.

Where the record supports a finding that an employee failed to follow instructions of the employer, we must affirm the determination of willful misconduct. *Korol v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 183, 384 A.2d 1377 (1978).

Claimant proffered a contradictory explanation for the events surrounding the ribbon order, and at-

tempted to justify the other violations that the employer cited in his testimony.

The referee and the Board chose to believe the employer; it is the factfinder's function to resolve questions of credibility. *Danko v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 387, 397 A.2d 489 (1979).

We agree with claimant that the record does not support the referee's finding that claimant was warned on "ten" separate occasions. Our calculations also do not agree with the referee's finding that the amount of the unauthorized purchases totaled $15,000. However, neither of these findings is critical to a determination that claimant's conduct amounted to a willful violation of her employer's rules.

We therefore affirm the decision of the Board denying claimant compensation.

ORDER

AND Now, this 10th day of August, 1979, the order of the Unemployment Compensation Board of Review dated December 13, 1977, is affirmed.