Wanda Howell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*William W. Warren, Jr., Dilworth, Paxson, Kalish, Levy & Kauffman,* with him, *David F. Bianco, Fields & Bianco,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 25, 1980:

Wanda Howell (Claimant) has filed this appeal from the order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the referee denying benefits under Section 402(b)(1) of the Unemployment Compensation Law

(Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).[1] We affirm.

Claimant had been employed by Clinical Laboratories of Scranton, Pennsylvania (Employer) as a medical secretary for approximately five (5) years. In late March of 1978, Claimant was in her ninth month of pregnancy and working full time became uncomfortable for her. She worked only part time during the work week of April 3 to April 7 and left her job on April 7, 1978. She had requested a leave of absence, which the Employer was unable to grant due to the nature of the work. Claimant was immediately replaced.

Claimant applied for benefits under the Law on April 21, 1978. The benefit weeks in issue on this appeal are those ending April 8, 1978 and April 15, 1978.

The Bureau of Employment Security (Bureau) denied benefits because Claimant was deemed unavailable for work under Section 401(d) of the Law.[2] The determination of unavailability was based on UC-796, Doctor's Certification Form, on which Claimant's

---

[1] Section 402(b)(1) of the Law provides in pertinent part as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . .

[2] Section 401(d) of the Law provides in pertinent part as follows:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(d) Is able to work and available for suitable work. . . .

physician had estimated that she could work until March 19, 1978.

The Claimant appealed from the finding of unavailability and contended that she was in fact available for part time work. A hearing was held before the referee, who modified the Bureau's determination, but found that the Claimant had voluntarily left work without cause of a necessitous and compelling nature. Benefits were denied under Section 402(b)(1) of the Law.[3]

The Board granted a remand hearing after which it adopted the decision and findings of the referee.

Claimant's argument is that she had to leave full time employment due to her pregnancy and upon advice of her physician.

The Board is the factfinder in unemployment compensation matters and the findings of the Board are binding upon this Court if supported by substantial evidence and in the absence of fraud. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

The record shows that Claimant's evidence of a medical cause for leaving work consists of her testimony that her physician advised her to work until it became uncomfortable and a letter written by her physician on October 4, 1978, which states in pertinent part that "it was necessary for her [claimant] to take a leave of absence from work as of April 7, 1978." This letter was offered by Claimant at the remand hearing.

Pregnancy is to be treated as any other disease that is claimed to be cause of a necessitous and com-

---

[3] Although both parties argue the issue of unavailability, we have not considered it because it forms no part of the Board's findings or decision and neither party has alleged any error on the Board's part in failing to make a finding thereon.

pelling nature for leaving work. *Unemployment Compensation Board of Review v. Perry*, 22 Pa. Commonwealth Ct. 429, 349 A.2d 531 (1975). The burden of proving compelling and necessitous cause to leave work is on the claimant. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The issue where illness is claimed to be good cause is the state of a claimant's health at the time of termination. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977). Further, while it is true that a claimant may show a state of health that constituted good cause at termination by submitting a doctor's certification prepared after the day of termination, such a certification is of little evidentiary value unless it adequately explains and supports the health reasons as they existed on the day of termination. *Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974).

In the instant case, Claimant's physician has given no explanation for the alleged necessity of leaving work. It is obvious that a woman in the ninth month of pregnancy is uncomfortable, but Claimant has offered no evidence that her job posed any threat to her health or to the health of her unborn child. Since pregnancy is to be considered an illness when claimed as good cause under Section 402(b)(1), *Perry, supra,* it must be an adequate health reason to justify termination, *i.e.,* the employee was physically or emotionally unable to continue working. *Pfeffer v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 601, 382 A.2d 511 (1978). Claimant is, in effect, asking this Court to set up a presumption that a woman in the ninth month of pregnancy cannot work. This we decline to do. *Perry, supra.*

It is clear that Claimant has failed to meet her burden of proof. The Board did not err in finding that she had voluntarily quit work without cause of a necessitous and compelling nature.

### ORDER

AND Now, this 25th day of April, 1980, the order of the Unemployment Compensation Board of Review denying benefits to Wanda Howell is hereby affirmed.