Harvey R. Henry, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Barbara J. Hart,* with her *Louis M. Shucker,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, February 27, 1981:

In this unemployment compensation appeal, the claimant[1] seeks reversal of the Board's[2] decision affirming the referee's conclusion that claimant was ineligible by virtue of Section 402(e) of the Unemployment Compensation Law,[3] the willful misconduct disqualification.[4]

Employer's personnel manager discharged the claimant because, in the context of a telephone dispute over claimant's work attendance record, claimant had challenged the manager's veracity by telling him he was "full of shit," and had protested the manager's request for a doctor's certificate of illness by saying "that's bullshit."

We find no error in the board's holding that claimant's language substantially disregarded the standards an employer may rightfully expect and therefore constituted willful misconduct. Although claim-

---

[1] Harvey R. Henry, Jr.

[2] Unemployment Compensation Board of Review.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[4] The employer has the burden of proving willful misconduct. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). Because the employer here has carried that burden before the referee and the board, we review the evidence in the light most favorable to it, affording it the benefit of all the inferences which can fairly be drawn from the testimony. *Roman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980).

ant protests that his remarks were not uttered in public nor in disrespect, and that the manager may have been abusive of other employees at other times, the weight and credibility of such evidence are for the board, not this court. Further, claimant's choice of terminology, in itself, supports the finding that he was insubordinate. Insubordinate vulgarity constitutes willful misconduct. *Unemployment Compensation Board of Review v. Boff*, 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976).

Similarly, claimant's argument that his remarks were justified,[5] because he had not missed scheduled work, lacks merit because the record is clear that his discharge resulted from his indecorous language rather than from questioning the accuracy of the manager's information. Moreover, claimant's own testimony belies the contention, made in his brief, that he told the manager during the telephone conversation that his foreman had altered his schedule without the manager's knowledge; the same testimony reveals that the manager indicated that he relied on his own records in believing claimant to have been absent, thus affording claimant an adequate opportunity to point out error in those records. Instead of explaining that error, claimant chose to disparage the manager.

Accordingly, we affirm the board.

ORDER

AND Now, February 27, 1981, the November 20, 1979 order of the Unemployment Compensation Board of Review at No. B-177983 is affirmed.

Judge PALLADINO dissents.

---

[5] *See Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976) and *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979).