Radio Station WVCH, Petitioner *v.* Common-
wealth of Pennsylvania, Unemployment Compen-
sation Board of Review, Respondent.

Argued April 6, 1981, before Judges MENCER,
BLATT and MACPHAIL, sitting as a panel of three.

*Joseph F. Lawless, Jr., Petrikin, Wellman, Damico & Carney,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her, *Richard Wagner,* Chief Counsel, and *Richard L. Cole, Jr.,* Chief Counsel of Department of Labor and Industry, for respondent.

OPINION BY JUDGE MACPHAIL, June 12, 1981:

This is an appeal by Radio Station WVCH from an order of the Unemployment Compensation Board of Review (Board) reversing the referee and granting Paulyne Haber (Claimant) benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant was last employed as a secretary by Radio Station WVCH (Employer) for ten years, at a final weekly salary of $120.00, with her last day of work being August 1, 1979. The Board found that in the last few months of employment, Claimant had received memos and instructions from the station manager not to answer the telephone nor to work on a certain account. The Board made a finding that Claimant was *discharged* for failing to type some letters and failing to provide announcements for the "Morning Cheer" program. The Board determined,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides in relevant part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

however, that Claimant had typed all letters assigned to her and had given Employer all the work she had on "Morning Cheer." Apparently Claimant was not told she was being fired for tardiness, even though she was tardy on her last day. According to the Board, Claimant on occasion used her own judgment regarding her manner of performance, but she worked to the best of her ability and observed her Employer's instructions.

On the basis of these findings, the Board concluded that Employer had not sustained its burden of proving willful misconduct on the part of Claimant. The Board explained that in its opinion Employer "experienced personality clash" with the Claimant and that Claimant did not act in deliberate disregard of Employer's instructions nor of Employer's best interests.

Since Employer had the burden of proving willful misconduct and did not prevail before the Board, our review of the Board's decision is limited to questions of law and to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979).

Employer argues here that the Board capriciously disregarded competent evidence in the record which substantiated numerous occasions on which Claimant deliberately disregarded Employer's instructions. Employer contends furthermore that the Claimant admitted to having a record of tardiness (5 days) in the last two weeks of employment, about which she was warned and that these facts contradict the Board's finding that Claimant was tardy on her last day of work, but that she was not told she was being fired for tardiness. Employer concludes that because Claimant deliberately failed to obey Employer's di-

rections and because she was consistently tardy in the last two weeks of employment, which actions did result in her discharge, Claimant is guilty of willful misconduct.

We agree that the first part of the Board's finding No. 4, "Although the claimant was tardy to work on her last day of work," cannot be sustained without a capricious disregard of evidence. The Employer testified to and the Claimant clearly admitted to the fact that she was tardy *five times* in her last two weeks. The Board's finding seems to imply Claimant was only tardy on her last day; there is no evidence to support such a finding. (Neither is there any evidence that Claimant was tardy on a regular basis throughout her employment, as the Board points out in its discussion.)

The remainder of finding No. 4 (that at the time she was fired, Claimant was not told that she was being fired for tardiness) can be sustained without a capricious disregard of competent evidence. Although Claimant testified at hearing that she was warned about her tardiness of the last two weeks, she also testified that Employer did not mention tardiness to her on the day she was fired. In neither the written dismissal letter nor in the Office of Employment Security documents was tardiness listed by Employer as a reason for Claimant's discharge. In *Panaro v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 19, 21, 413 A.2d 772, 774, (1980), Judge Williams wrote, "Not only must the employer prove the claimant committed some act which constitutes 'willful misconduct', the employer must also prove that the act in question was the actual reason for the claimant's discharge." The Board obviously rejected Employer's testimony that Claimant was discharged for tardiness in favor of contrary evidence that tardiness played no part in her dismissal. As the

ultimate fact-finder, the Board must resolve such questions of credibility. *Torelli v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 35, 404 A.2d 773 (1979).

The Board's remaining findings are clearly the result of resolving conflicts in the testimony rather than a capricious disregard of any competent evidence; thus we are bound thereby. *Sweigart v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). In the record there were substantial conflicts between the station manager's testimony and the Claimant's testimony, regarding Claimant's actions in response to the manager's instructions and as to which incidents actually precipitated her discharge. Acting within its prerogative, the Board rejected many of Employer's allegations regarding reasons for Claimant's dismissal and found that only two incidents prompted the discharge. The Board chose to accept the Claimant's testimony that she followed Employer's instructions to the best of her ability, rather than Employer's version that Claimant repeatedly and deliberately refused to follow his instructions. Again we shall not interfere with the Board's assessment of credibility, a function of considerable importance where a personality clash between an employer and a claimant might color the testimony given.

We proceed to the second issue of whether the Board's findings as they stand, excepting an amended finding No. 4, support a conclusion of willful misconduct. Whether an employee's conduct constitutes "willful misconduct" is a question of law determinable by this Court. *Mt. Lebanon School District v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 539, 409 A.2d 1205 (1980).

"Willful misconduct" has been defined as (1) the wanton and willful disregard of the employer's rules;

(2) the deliberate violation of the employer's rules; (3) the disregard of the standards of behavior which an employer can rightfully expect from an employe; or (4) negligence indicating an intentional disregard of the employer's interests or of the employe's duties and obligations to the employer. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

The Board's findings do not support a conclusion of willful misconduct. Claimant has violated no rules. There is no *conscious* disregard by Claimant of Employer's standards of behavior, *Eyring v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 617, 407 A.2d 86 (1979), and no *intentional* or *deliberate* disregard of Employer's interests or of Claimant's duties and obligations to Employer. *Coleman v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 113, 407 A.2d 130 (1979). Although Employer may have been justified in firing Claimant because of their inability to get along, the fact that Claimant worked to the "best of her ability" negates a conclusion of willful misconduct. *Miller v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979). We have previously noted that Claimant's tardiness in the last two weeks of employment does not constitute willful misconduct under the circumstances in this case.

In summary, Claimant's actions did not trigger the willful misconduct disqualification. Accordingly, we affirm the Board's grant of benefits.

## Order

AND Now, this 12th day of June, 1981, the order of the Unemployment Compensation Board of Review, dated February 21, 1980, granting Paulyne Haber benefits, is hereby affirmed.