Freedom Valley Federal Savings and Loan Association, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1981, before President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*James J. Garrity, Wisler, Pearlstine, Talone, Craig & Garrity,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *LeRoy Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, November 12, 1981:

Freedom Valley Federal Savings and Loan Association (Employer) appeals from an adverse ruling by the Unemployment Compensation Board of Review (Board) which granted Carol A. Heal (Claimant) unemployment compensation benefits. The Board reversed the decision of the referee which had declared Claimant ineligible for benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Board's findings of fact were as follows: Prior to her discharge, Ms. Carol A. Heal had been employed as a manager of loan collections for approximately five years. The Employer had a policy requiring ill employees to notify their supervisor of absenteeism by 9:00 a.m., and to schedule personal or vacation days in advance, with the permission of the supervisor. On March 14, 1980, after travelling almost halfway to work, Claimant called her office to advise

her Employer that she would not be able to make the rest of the trip to work due to treacherous road conditions. Claimant's supervisor called the Claimant back and told her to report to work. Claimant again gave her reasons to the supervisor concerning why she wouldn't report to work. Later that day, Claimant was dismissed for her failure to report to work.

On the basis of its findings of fact, the Board concluded that Claimant informed her supervisor she was unable to report to work that day and explained the reason for her absence. The Board held the Claimant's conduct cannot be considered willful misconduct, and therefore they granted benefits.

However, the referee's pertinent finding was that the Claimant did *not* inform her Employer of the reason for her absence from work. The referee concluded Claimant violated her Employer's reasonable policy concerning vacations and personal days, and by her disregard of her Employer's instructions to report to work, she placed herself within the disqualifying provisions of Section 402(e) of the Law. The referee reasoned Claimant's disregard of the Employer's policy and specific instructions to report to work were contrary to the best interest of the Employer.

The Employer presents the following two issues on appeal: (1) whether the decision of Unemployment Compensation Board of Review capriciously disregarded the evidence presented before the referee and (2) whether or not the Claimant's refusal to follow her Employer's directive constitutes willful misconduct.

The Employer had the burden of proving willful misconduct on the part of the Claimant. Where, as here, the employer does not prevail before the Board, our scope of review is limited to questions of law and to a determination of whether the Board's findings

of fact can be sustained without a capricious disregard of competent evidence. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980).

To answer issue number one, it is necessary to note that questions of credibility and evidentiary weight to be given conflicting testimony are matters for the factfinder, not the reviewing Court. In unemployment compensation cases the Board is the ultimate factfinder. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Competent evidence is not capriciously disregarded simply because the Board rejected the referee's version of the evidence. In unemployment compensation cases, the Board is empowered to resolve conflicts in evidence, evaluate credibility and testimonial weight and reverse the decision of a referee where it is deemed necessary. *Czitrom v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 537, 416 A.2d 109 (1980). Here, the Board properly performed its duties.

The second issue, whether or not the facts found below constituted willful misconduct, is a question of law, and as such, is subject to judicial review by this Court. *Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977).

> For behavior to constitute willful misconduct, it must evidence (1) wanton and willful disregard of employer's interest (2) deliberate violations of employer's rules (3) disregard of standards of behavior which an employer can rightfully expect from his employee or (4) negligence which manifests culpability, wrongful intent, evil design or intentional substantial disregard of the employer's interests or the employee's duties and obligations.

*Murraysville Telephone Company v. Unemployment
Compensation Board of Review,* 41 Pa. Common-
wealth Ct. 35, 37, 398 A.2d 250, 251 (1979).

We find that Claimant's failure to follow her
Employer's directive to report to work because of
hazardous driving conditions does not constitute will-
ful misconduct. The record discloses clearly that
Claimant failed to follow her Employer's directive to
report to work. If that demand was reasonable, Claim-
ant's refusal would constitute willful misconduct.
*Strohecker v. Unemployment Compensation Board of
Review,* 33 Pa. Commonwealth Ct. 526, 382 A.2d 160
(1978). If, however, the demand was unreasonable as
applied to Claimant's circumstances, then Claimant's
refusal was not willful misconduct. *Frumento v. Un-
employment Compensation Board of Review,* 466 Pa.
81, 351 A.2d 631 (1976). Additionally, if the evidence
shows that Claimant's refusal was justifiable and rea-
sonable in light of all the circumstances, such refusal
will not constitute willful misconduct. *Kindrew v.
Unemployment Compensation Board of Review,* 37 Pa.
Commonwealth Ct. 9, 388 A.2d 801 (1978).

Employer argues that it has never been held that
hazardous driving conditions constituted good cause
for an employee's refusal to report to work. Claim-
ant testified that it had snowed the day before and
was snowing on the day in question. A witness cor-
roborated her statement that the roads were "slick
and treacherous." Claimant was driving a new car
which she had never driven before under adverse
weather conditions. Some six years before the date
in question Claimant had been thrown through the
windshield of an automobile as the result of an acci-
dent causing her to have several facial operations.
The memory of that accident was very vivid in her
mind. It may well be that in the Employer's opinion
the road conditions did not constitute a hazard suffi-

cient to warrant Claimant's refusal to come to work, but we must agree with the Board's conclusion that viewed in the light of Claimant's circumstances, her refusal to report was justified; hence, it was not willful misconduct.

Order affirmed.

ORDER

AND Now, this 12 day of November, 1981, the order of the Unemployment Compensation Board of Review, decision number B-186425, dated August 1, 1980 awarding Carol A. Heal, Claimant, unemployment benefits, is hereby affirmed.