Elaine R. Dodson, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Allegheny Lutheran Social Services, Intervenor.

246

Argued October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Ronald Keeler,* for petitioner.

*Karen Durkin,* Associate Counsel, with her, *Joel G. Cavicchia,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for intervenor.

OPINION BY JUDGE MACPHAIL, December 17, 1981:
This is an appeal by Elaine R. Dodson (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's de-

nial of benefits on the basis of Claimant's willful misconduct.[1]

Claimant was last employed by Allegheny Lutheran Social Services (Employer) as a Center Director of a day school for preschool children in Saxton. Claimant's duties involved directing and supervising the day to day operation of this facility, its students and staff. On November 29, 1979, Claimant was presented with a written performance evaluation by her supervisor, Mrs. Helen Wright, who had prepared the evaluation. As Claimant looked over the evaluation, she informed her supervisor several times that: "This is a bunch of shit." Upon being informed by her supervisor that she could resign, Claimant responded: "Not on your ass will I resign."[2] Further along in the conversation, in response to a request for cooperation, Claimant informed her supervisor: "I have cooperated with you for two and one-half years, lady. No more."[3] On November 14, 1979, the Claimant was discharged from her position, the reason as found by the referee being her vulgarity and insubordination on November 29.[4]

Of course, the issue of willful misconduct is a question of law for our review. *Murraysville Telephone*

---

[1] *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] This language was testified to by the supervisor and was not denied by the Claimant.

[3] Claimant denies having spoken these words, but conflicts in the testimony are for the factfinder to resolve. *Steward v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1979).

[4] The two week delay was occasioned by the need for approval of the discharge by Mrs. Wright's supervisors. Such a delay provides no basis for overruling the Board's decision. *See Unemployment Compensation Board of Review v. Boff*, 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976).

*Co. v. Unemployment Compensation Board of Review,*
41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979).
The standard we have enunciated is that willful mis-
conduct is established when an employee's behavior
constitutes a wanton and willful disregard of the em-
ployer's interests or the deliberate violation of the
employer's rules or the disregard of the standards
of behavior which an employer can rightfully expect
from his employee or negligence which manifests
culpability, wrongful intent, evil design, or intentional
and substantial disregard for the employer's interests
or the employee's duties and obligations. *Kentucky
Fried Chicken of Altoona, Inc. v. Unemployment
Compensation Board of Review,* 10 Pa. Commonwealth
Ct. 90, 309 A.2d 165 (1973). We have also held that
vulgarity, even in a single instance, may constitute
willful misconduct where the vulgarity is unjustified,
unprovoked, unnecessary or uncalled for under the cir-
cumstances. *Fields v. Unemployment Compensation
Board of Review,* 7 Pa. Commonwealth Ct. 200, 300
A.2d 310 (1973). However, where there is justifiable
provocation and the language is de minimis, we have
held vulgar and offensive language addressed to a su-
perior not to be willful misconduct. *See Horace W.
Longacre, Inc. v. Unemployment Compensation Board
of Review,* 12 Pa. Commonwealth Ct. 176, 316 A.2d
110 (1974).

Claimant has argued that the words used here are
part of the common marketplace-workplace language
to which we are all exposed and that the words are
especially harmless in this case since the words were
not used to derogate the superior. Therefore, the
Claimant believes these words do not form the basis
for a finding of willful misconduct. We disagree.

The words used by Claimant have previously been
found to be vulgar by this Court. *Henry v. Unem-*

*ployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 192, 425 A.2d 1210 (1981). Even if we concede that these words are often used in the workplace, this does not make them less vulgar. Particularly where the Claimant is the director of a child-care center operated by a church-affiliated group, an employer has a right to expect a standard of behavior which does not employ such words. The argument that these words were not directed at the supervisor misses the point. Our case law does not indicate that the vulgarity must be directed at the supervisor to support a finding of willful misconduct; the use of the words to the supervisor may be sufficient.[5]

The Claimant also argues that the referee and the Board failed to consider evidence presented which the Claimant believed showed that the Employer did not fire her for vulgarity, but rather fired her because of a desire to close the Saxton school and eliminate Claimant's position.

The burden of proving the reason for discharge is upon the Employer. *Radio Station WVCH v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 23, 430 A.2d 737 (1981). Where the party with the burden of proof below prevails before the Board, our scope of review is to determine whether an error of law has been committed or whether any necessary finding of fact is unsupported by substantial evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct.

---

[5] Even if the words were required to be directed at the supervisor, we would have little problem in finding such in this case. The evaluation was performed by the supervisor; it was this evaluation which the Claimant disparaged. This was not some anonymously prepared document which Claimant was commenting about; rather, these were comments concerning the supervisor's opinion of Claimant's weaknesses and the supervisor's suggested improvements. As such these words directly reflected upon the supervisor.

138, 409 A.2d 126 (1979). We believe the following testimony supports a finding that the November 29 incident was the basis for Claimant's discharge:

[By the Referee]: Are you telling me then that if the claimant had appeared on November 29, you had gone over that performance evaluation, even though she didn't like it, if she would have just accepted it, attempted to do the best she could and not engage [sic] you in the conversation you're now saying took place, she'd still be employed?

[By the Supervisor]: Yes.

For the above reasons, then, we believe the Board's determination was correct and must be affirmed.

## ORDER

AND Now, this 17th day of December, 1981, Decision No. B-182147 of the Unemployment Compensation Board of Review dated March 20, 1980, is hereby affirmed.