Ann DeBias, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Robert Freeman*, for petitioner.

*John T. Kupchinsky*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

Opinion by Judge MacPhail, February 17, 1982:

Ann DeBias (Claimant) was employed as a nurse's aide by St. Joseph's Hospital (Employer). On January 15, 1980, she was discharged for mistreatment of patients and willful inattention to patient care. When she applied for unemployment compensation benefits, both the Bureau (now Office) of Employment Security and the referee found her to be eligible. On Employer's appeal, the Unemployment Compensation Board of Review (Board) found her ineligible by reason of willful misconduct.[1]

Our review of the record discloses that Claimant had been reprimanded several times, orally and in writing, for improper attention to patient care. The Employer's principal witness, a patient in the hospital on January 15, 1980, testified that on that date she requested a bed-pan from the Claimant. The patient testified that the bed-pan was not brought and, as a consequence, she wet the bed. She said she lay in that condition for some period of time. When Claimant did come back to attend to the patient, Claimant insisted that the patient bathe herself. The patient refused because she was physically unable to do so.

Claimant admitted that the patient did request a bed-pan but says she complied with that request. She also admitted that the patient had wet the bed but denied that she had asked the patient to bathe herself.

Where the party with the burden of proof, in this instance the Employer, prevails before the Board, our scope of review is to determine whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

A.2d 126 (1979). The Board, of course, is the fact-finder. *Howell v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 26, 413 A.2d 782 (1980). Here, the Board resolved the conflict in the evidence in favor of the Employer. There is substantial evidence to support the Board's findings. The Board's conclusion that Claimant's misconduct was willful misconduct cannot be disturbed on the facts in this case as a matter of law.

Order affirmed.

### Order

And Now, this 17th day of February, 1982, the order of the Unemployment Compensation Board of Review dated May 30, 1980 denying unemployment compensation benefits to Ann DeBias is affirmed.

Judge Palladino did not participate in the decision in this case.