Celestine Ford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Philadelphia Parent Child Center, Inc., Intervenor.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

452

*Judith Brown Chomsky,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Larry A. Colston,* for intervenor.

OPINION BY JUDGE DOYLE, July 16, 1982:

Celestine Ford (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) denying her benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), the willful misconduct provision. We affirm.

From October of 1978 until May 29, 1980, Claimant was employed as a social worker for the Philadelphia Parent Child Center, Inc. (Center) where she was assigned to the Center's home visitor and learning center programs. During the course of her employment at the Center, Claimant became the object of several complaints from both parents and co-workers involved in her programs who alleged, *inter alia,* that Claimant had a condescending attitude towards them. Following two meetings with Claimant to discuss these complaints, Claimant's supervisor

was informed that one of Claimant's co-workers[1] had threatened Claimant with physical violence. In response to this situation, the Center informed Claimant that she was being laterally transferred to a position in the Center's Head Start Component, a transfer which Claimant subsequently refused to accept.[2] Thereafter, Claimant was informed orally and by letter that if she wished to contest her transfer she should file a formal grievance pursuant to the provisions of the Center's personnel rules. Claimant subsequently refused to file such a grievance, however, and was accordingly suspended, and then terminated, from her employment.

Before this Court, Claimant maintains that her refusal to accept the transfer did not constitute willful misconduct because (1) the transfer was unreasonable in light of the fact that she was the victim and not perpetrator of a threat of violence, and (2) that she was justified in refusing the transfer since the Center's personnel rules require a written evaluation and a reasonable opportunity for improvement before personnel actions can be taken for unsatisfactory work performance. We disagree.

The question of whether a particular course of behavior constitutes willful misconduct, of course, is a question of law that is fully reviewable by this Court. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979). Although the term willful misconduct is not defined in the Law, we have recognized that willful misconduct is established

---

[1] This co-worker also happened to be a parent of one of the children participating in the Center's programs.

[2] The record indicates that Claimant continued to report to her old office until police removed her from the premises on May 28, 1980.

when an employee's behavior constitutes a wanton and willful disregard of the employer's interests or the deliberate violation of the employer's rules or the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Dodson v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 245, 248, 437 A.2d 1080, 1082 (1981).

We have also recognized that

when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these and the change is *reasonable,* the employee must abide by the employer's decision at the risk of being ineligible for unemployment compensation if he refuses.

*Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974) (emphasis added). The reasonableness of the proposed modification of duties, of course, depends on the reasonableness of the proposed change in duties, and not on the reasonableness of the underlying reason for the change. Here, the parties do not dispute the fact that Claimant would have been performing the same duties at the same rate of pay and with the same benefits in her new position as she had in her old position, and accordingly, we believe that the Board correctly concluded that the Center's transfer was reasonable.

We also find no merit in Claimant's assertion that she was justified in refusing the proposed transfer.

It is of course well established "that an employee may refuse to comply [with a work request] and still be eligible for unemployment compensation benefits if he can establish that he had good cause for refusal." *Jackim v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 5, 8, 437 A.2d 775, 777 (1981). The burden of proving such a good cause for refusal rests with the claimant. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

Here, Claimant alleges that she was justified in refusing the transfer since it was in violation of the Center's personnel rules pertaining to unsatisfactory work performance.[3] However, Claimant's supervisor testified, and the Board so found, that Claimant was transferred because of a possibility of violence if she remained in her present position, and not because of any unsatisfactory work performance on her part. The Claimant's persistent refusal, in our view, clearly violated the Center's personnel policies and fell below the standards of behavior which the Center could rightfully expect from its employees, and hence, constiuted willful misconduct. *Dodson.*

Accordingly, we will enter the following

ORDER

Now, July 16, 1982, the order of the Unemployment Compensation Board of Review dated January 14, 1981, Decision No. B-191435, is affirmed.

President Judge CRUMLISH, JR. concurs in the result only.

---

[3] Those rules provide in pertinent part that if an employee's work is unsatisfactory he or she "shall receive a written evaluation of his performance by his/her supervisor, to be followed by a reasonable opportunity for improvement."

456

Judge MENCER did not participate in the decision in this case.