**Brenda L. BROOKS, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

No. 82–277.

District of Columbia Court of Appeals.

Submitted Nov. 23, 1982.

Decided Dec. 30, 1982.

Brenda L. Brooks submitted a brief pro se.

Michael A. Milwee, Washington, D.C., was on the brief for respondent.

Before NEWMAN, Chief Judge, and KELLY and TERRY, Associate Judges.

PER CURIAM:

Petitioner disputes a decision of the Department of Employment Services denying her unemployment benefits because she left her last work voluntarily, without good cause connected with the work. Petitioner worked as a security officer. When she became pregnant, the equipment she was required to wear (a belt with a revolver, night stick, keys and radio) pressed on her stomach and made her sick. She resigned, claiming she could not physically or mentally meet the requirements of her job.

The evidence of record supports a finding that petitioner resigned her position of employment for personal reasons not connected with the work within the meaning of D.C.Code 1981, §§ 46–111(a) [1] and –111(h). [2]

---

1. D.C.Code 1981, § 46–111(a) provides:
   An individual who left his most recent work voluntarily without good cause connected with the work, as determined by the Board under regulations prescribed by it, shall not be eligible for benefits with respect

to the week for which he first files for benefits and with respect to not less than 6 nor more than 12 consecutive weeks of unemployment which immediately follow such

There was nothing in the work itself which gave her cause for leaving. Nothing in the record suggests that her resignation was other than voluntary, and it cannot be argued that pregnancy is a work-related illness. *See Howell v. Commonwealth Unemployment Compensation Board of Review,* 51 Pa.Commw. 26, 413 A.2d 782 (1980); *Bigley v. Commonwealth Unemployment Compensation Board of Review,* 38 Pa.Commw. 569, 393 A.2d 1312 (1978). No medical evidence was presented, *Howell v. Commonwealth Unemployment Compensation Board of Review, supra,* and no request for transfer was made, *Bigley v. Commonwealth Unemployment Compensation Board of Review, supra.* Since the Agency's decision has substantial support in the evidence, it will not be disturbed on appeal. *Washington Post Company v. District Unemployment Compensation Board,* D.C.App., 377 A.2d 436 (1977).

*Affirmed.*

---

week. The length of the disqualification shall be determined by the Board under regulations prescribed by it, according to the seriousness of the case. In the event such leaving occurs when the individual has an unexpired benefit year, the disqualification shall commence with the week for which he reopens his claim. In addition, such individual's total benefit amount shall be reduced in a sum equal to the number of weeks of disqualification multiplied by his weekly benefit amount.

2. D.C.Code 1981, § 46–111(h) provides:

The eligibility of any individual, who is or has recently been pregnant, for benefits under this chapter, shall be determined under the same standards and procedures as for any other claimant under this chapter. There shall be no presumption that a person who is pregnant is physically unable to work, even when pregnancy was an issue with respect to the reason for separation from employment.