Independent Products Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1983, to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Debora K. H. Sutch, Cohen & Singer,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, May 12, 1983:

Independent Products Company, Inc. (Employer) has brought this Petition for Review from a decision of the Unemployment Compensation Board of Review (Board) which found that Donna Lewis (Claimant) had not engaged in willful misconduct within the mean-

ing of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), and was eligible to receive unemployment compensation benefits.

Claimant was last employed as an Office Manager by the Employer; she was discharged on March 16, 1981. The reason given by Employer for the discharge was that Claimant published an editorial in the company newsletter, offensive to management, without the prior approval of Employer's company president. After a hearing, the referee determined that Claimant was not required to submit the complained-of article for pre-approval. The referee also found that Claimant had no intent to write an offensive article and that she had always worked to the best of her ability. The referee therefore held that Claimant had not committed any disqualifying conduct and was eligible for benefits. The Board subsequently adopted the referee's decision.

The burden of proving willful misconduct is on the Employer. *See, e.g., Freedom Valley Federal Savings and Loan Association v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 332, 436 A.2d 1054 (1981). Where, as here, the party with the burden of proof has failed to prevail before the Board, our scope of review is limited to questions of law and to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *See, e.g., Radio Station WVCH v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 23, 430 A.2d 737 (1981).

Employer complains that the Board erred in resolving in Claimant's favor the credibility conflict regarding whether she was ordered to submit the newsletter for pre-approval. Employer contends that Claimant contradicted herself and that the weight of

the testimony was in Employer's favor. Such arguments, however, are unavailing before this Court. Questions of credibility and the weight to be given evidence are matters for the factfinders; in this case, the Board. *Freedom Valley,* 62 Pa. Commonwealth Ct. at 335, 436 A.2d at 1055. The resolution of conflicts in the testimony and the Board's decision to accept Claimant's version of events does not mean the Board capriciously disregarded Employer's case. *See, Grzech v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 10, 17, 423 A.2d 1364, 1368 (1981).

Employer has also argued to us that Claimant was discharged for poor performance and unsatisfactory work attitude. However, these reasons for discharge were not even mentioned in the discharge notice given to Claimant by Employer nor in the documents presented by Employer to the Office of Employment Security. We can find no error by the Board in rejecting these asserted reasons as alternative grounds for discharge. *See, Radio Station WVCH,* 60 Pa. Commonwealth Ct. at 26, 430 A.2d at 739. We would note further that the Board, in resolving testimonial conflicts, determined that although Employer was dissatisfied with Claimant's work performance, Claimant had performed her work to the best of her ability. We have held that mere incompetence, inexperience or inability, while justifying discharge, will not constitute willful misconduct. *See, e.g., Wetzel v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977).

We affirm.

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-196886, dated July 8, 1981, is hereby affirmed.