Norwood Henninger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 16, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Allen Shaffer,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, December 28, 1983:

This is a claimant's appeal from an order of the Unemployment Compensation Board of Review declaring him ineligible for unemployment compensation because he was discharged for willful misconduct. Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

The claimant was last employed by the Pennsylvania Department of Agriculture as the building maintenance supervisor of the Farm Show complex in Harrisburg. On April 14, 1981, the claimant was discharged by the Secretary of Agriculture for "poor management and poor supervision."

The claimant's application for unemployment compensation was refused by the Office of Employment Security upon a determination that the claimant had been discharged for willful misconduct. This action was upheld by a referee and by the Unemployment Compensation Board of Review.

The claimant contends that the employer failed to meet its burden of proving that he had been discharged for willful misconduct.

Willful misconduct has been defined as an act in wanton or willful disregard of an employer's interests, a deliberate violation of an employer's rules, conduct contrary to standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design or intentional disregard of an employer's interest or of the employee's duties and obligations to the employer. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The employer has the burden of proving that a claimant was discharged for willful misconduct. *Flanagan v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 120, 407 A.2d 471 (1979).

The evidence in this record supports the Board's conclusion that the claimant was guilty of willful misconduct. A witness for the employer testified that during the course of an interview conducted pursuant to an investigation of the management of the Farm Show complex the claimant: (1) admitted that he falsified his overtime hours by adding six to eight hours per week to his time card; (2) admitted that he falsified the time cards of subordinate employees by recording time on the cards of absent employees and; (3) admitted that he granted compensatory time to a subordinate employee in exchange for the use of the employee's personal property in connection with Farm Show operation. The employer also produced evidence that the claimant requested and received payment for one hundred and two hours of overtime for which he had already been paid.

The claimant denied making the admissions but the compensation authorities believed the witnesses

against him. Questions of credibility raised by conflicting testimony are for the referee's and the Board's determination. *Danko v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 387, 397 A.2d 489 (1979); *James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A.2d 288 (1972).

Order affirmed.

### Order

And Now, this 28th day of December, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.