Robert Bruce, Inc. and Knitted Outerwear Manufacturers Association, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 3, 1984, to Judges MAC-PHAIL, COLINS and BARBIERI, sitting as a panel of three.

*Alan M. Lerner,* with him, *Barry R. Elson* and *Jeffrey Ivan Pasek, Cohen, Shapiro, Polisher, Shiekman* and *Cohen,* for petitioners.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 26, 1984:

Robert Bruce, Inc. (Employer) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which awarded compensation benefits to Evelyn Blocker (Claimant).

The findings of fact made by the referee and adopted by the Board are not in dispute. Instead, the Employer asks us to decide as a matter of law[1] that an employee who was unemployed as a result of a temporary plant shutdown, and who did not receive vacation pay during the period of unemployment because of a violation of a labor-management agreement regarding said vacation pay, is therefore ineligible for unemployment compensation benefits because of willful misconduct. This we cannot do.

The Board affirmed the referee's finding that Claimant was unemployed for one week while the Employer's plant was shut down. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides that "[a]n employe shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for will-

---

[1] Our scope of review of a decision of the Board extends to determining whether the Board has erred as a matter of law. *Independent Products Co. v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 295, 459 A.2d 901 (1983) ; *DeBias v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 549, 440 A.2d 1290 (1982).

ful misconduct connected with his work. . . ." Claimant's unemployment having occurred because of a plant shutdown, the issue of willful misconduct does not arise. We decline to hold that non-receipt of remuneration during a plant shutdown falls within the ambit of Section 402(e) of the Law.

The Employer urges that when we read Section 402(e) of the Law in conjunction with the definition of "unemployed" in Section 4(u), 43 P.S. §753(u), we must find that non-receipt of remuneration because of willful misconduct makes an employee ineligible for unemployment compensation benefits. The difficulty with this argument is that the Law clearly states that Section 402(e) ineligibility rests upon the employee having been *discharged or temporarily suspended from work* for willful misconduct. The Law simply does not provide for ineligibility where willful misconduct results in non-receipt of vacation pay while a plant is shut down. Assuming this is an oversight which should be remedied, the legislature must act and not this Court. The Board therefore did not err in failing to rule upon whether Claimant was ineligible under Section 402(e) of the Law.

The Board also affirmed the referee's decision that Claimant was not ineligible under Section 404 (d)(ii) of the Law, 43 P.S. §804(d)(ii). An eligible employee who is unemployed during a plant shutdown may receive unemployment compensation at his weekly benefit rate less vacation pay, if any, which is in excess of his partial benefit credit. *Dennis v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

Regardless of her possible violation of a labor-management agreement, the fact remains that Claimant received no remuneration during the week in question and had no vacation pay to offset the amount

of benefits due. As we stated above, the issue of willful misconduct is not relevant to the instant case; therefore, the Board need not have made fact findings in regard to the labor-management agreement.

Were we to deem Claimant to have constructively received her vacation pay, as the Employer suggests we should do, we would necessarily have to enter into a determination of whether Claimant violated a labor-management agreement. This Court has held, however, that "[A] compensation proceeding is not the place to adjudicate an alleged collective bargaining agreement violation. . . ." *Carl Colteryahn Dairy v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 319, 326, 407 A.2d 71, 74 (1979).[2] We must accordingly, decline to determine in this proceeding whether the labor-management agreement offered into evidence by the Employer was violated.

The Employer contends that public policy requires that Claimant not receive unemployment compensation benefits. We do not believe that public policy requires that we use the Law as an incentive for compliance with a private labor-management agreement. While our decision may appear to reward conduct which the Employer finds undesirable, it is not our role to do otherwise than to uphold the Law as it is written.

Order affirmed.

---

[2] We are cognizant of *Penflex, Inc. v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 111, 457 A.2d 234 (1983). In that case the claimants were discharged following their failure to report to work, and this Court determined that they should be denied benefits. The factual distinction between *Penflex* and the instant case is obvious. There was no independent cause of the claimants' unemployment in *Penflex,* such as the plant shutdown in the case *sub judice,* and willful misconduct was therefore a bar to eligibility.

ORDER

The order of the Unemployment Compensation Board of Review dated January 31, 1983, Decision No. B-214249, is hereby affirmed.

Judge COLINS concurs in the result only.