Bernard T. STARKEY, Appellant,

v.

UNEMPLOYMENT INSURANCE APPEAL
BOARD and Wilmington Housing
Authority, Appellees.

Superior Court of Delaware,
New Castle County.

May 27, 1975.

William C. Anderson, Community Legal
Aid Society, Inc., Wilmington, for appellant.

Jerome O. Herlihy, Herlihy & Herlihy,
Wilmington, for appellees.

OPINION

BIFFERATO, Judge.

Appellant, Barnard Starkey, was first employed by the Wilmington Housing Authority in the capacity of a groundskeeper on April 22, 1974. His employment was terminated on May 10, 1974, three weeks later, due to his excessively slow performance.

Appellant sought unemployment compensation. The claims deputy determined that appellant had been discharged from his

work for just cause [1] and, therefore, was disqualified from the receipt of benefits. The Appeals Referee, after a hearing at which only the appellant was in attendance, concluded that appellant's discharge was due to his mere inability to perform his job, not to misconduct, and, therefore, reversed the decision of the claims deputy.

In accordance with the employer's appeal of the Referee's decision, a hearing before the Unemployment Insurance Appeal Board [hereinafter Board] was held on September 11, 1974. Representatives of the employer, as well as the appellant and a witness on his behalf, were in attendance. Appellant's immediate supervisor, Mr. Haas, testified that, in the short time that appellant was employed by the Housing Authority, he was assigned to three different jobs and his performance in each was extremely deficient. Haas stated that Mr. Starkey was doing only a fraction of the work that other employees were completing and that, at times, Starkey would be seen conversing with people in the street, rather than working. The supervisor further asserted that, on one occasion, Starkey, who was assigned the task of trimming grass and bushes around houses, was seen sitting on a step and clipping grass at an extremely slow pace and for an extended period of time. Mr. Haas stated that he warned appellant on several occasions that his performance was deficient and would have to be improved, but that no evidence of improvement was forthcoming. On the basis of this testimony, the Board concluded "that after several warnings claimant simply did not wish to increase the pace or speed of his work and his failure to do so constituted just cause for his discharge."

Pursuant to 19 *Del.C.* § 3323, appellant has exercised his right to obtain judicial review of the Board's decision. His argument herein, simply stated, is that the evidence on the record demonstrates no more than mere inefficiency on his part and that, where discharge is due to inefficiency alone, a denial of benefits would be contrary to law.

On appeals of this nature, this Court's jurisdiction is limited to a determination of whether the Board's decision is supported by substantial evidence and free from legal error. *Longobardi v. Unemployment Insurance Appeal Bd.,* Del. Super., 287 A.2d 690 (1971). 19 *Del.C.* § 3323. See also *Abex Corporation v. Todd,* Del.Super., 235 A.2d 271 (1967); *Anchor Motor Freight, Inc. v. Unemployment Ins. App. Bd.,* Del.Super., 325 A.2d 374 (1974). It is within the province of the Board, not this Court, to weigh the credibility of witnesses and to resolve conflicts in testimony. *Coleman v. Department of Labor,* Del.Super., 288 A.2d 285 (1972); *Longobardi v. Unemployment Insurance Appeal Bd.,* supra.

The term "just cause," as it appears in 19 *Del.C.* § 3315(2), refers to a "willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's standard of conduct." *Abex Corporation v. Todd,* supra; *Coleman v. Department of Labor,* supra; *Boughton v. Division of Unemploy. Ins., Dept. of Lab.,* Del.Super., 300 A.2d 25 (1972); *Ortiz v. Unemployment Ins. App. Bd.,* Del.Supr., 317 A.2d 100 (1974). It is essentially the equivalent of the term "misconduct" found in the Unemployment Compensation Statutes, and interpreted in the case law of other jurisdictions. See generally, 48 *Am.Jur., Social Security, Unemployment Ins., etc.,* § 38; *Annot.,* 26 A.L.R.3rd 1356.

As contended by appellant, the term "misconduct," as used in Unemployment Compensation Statutes, does not mean mere inefficiency, unsatisfactory conduct,

---

1. 19 *Del.C.* § 3315(2) provides in pertinent part:
   "An individual shall be disqualified for benefits . . .

"(2) For the period of unemployment next ensuing after an individual has been discharged from his work for just cause in connection with his work. . . . ."

or failure of performance as a result of inability or incapacity, inadvertence in isolated instances or good faith errors of judgment. See *Beaunit Mills, Inc. v. Board of Review, etc.,* 43 N.J.Super. 172, 128 A.2d 20 (1956); *Maywood Glass Co. v. Stewart,* 170 Cal.App.2d 719, 339 P.2d 947 (1959); *Barnum v. Williams,* 84 Nev. 37, 436 P.2d 219 (1968); *Annot.,* 26 A.L.R.3rd 1356, 1358. Where a conscientious employee is not able to perform to the satisfaction of his employer due to a limited physical or mental capacity, inexperience, or lack of coordination, and is thereby discharged, he is nevertheless entitled to unemployment compensation. See *Philadelphia Tr. Co. v. Unemployment Comp. Bd. of Rev.,* 186 Pa. Super. 142, 141 A.2d 410 (1958). Nevertheless, where evidence on the record exists from which a factfinder could infer that an employee's substandard performance is the result of a willful act in violation of the employer's interests rather than conduct which, at first glance, appears to be merely inadvertent or inefficient, a denial of benefits is most appropriate. See *Fitzgerald v. Globe-Union, Inc.,* 35 Wisc.2d 332, 151 N.W.2d 136 (1967); *Kartsonis v. District Unemployment Comp. Bd.,* D.C. App., 289 A.2d 370 (1972), cert. denied 409 U.S. 872, 93 S.Ct. 203, 34 L.Ed.2d 124; *Henry v. Industrial Commission,* Colo.App., 501 P.2d 1333 (1972); *Rieder v. Commonwealth Unemp. Comp. Bd. of Rev.,* Pa. Cmwlth., 325 A.2d 347 (1974).

■ If the record herein contained no evidence to suggest that appellant's poor performance of his duties for the Wilmington Housing Authority was the result of anything other than mere inefficiency attributable to inability or incapacity, a denial of benefits would be improper. Compare *State v. Smith,* 235 N.C. 104, 69 S.E.2d 32 (1952); *Boynton Cab Co. v. Schroeder,* 237 Wisc. 264, 296 N.W. 642 (1941). The fact that appellant may have been considered, by his superiors, the poorest employee on the job is not, in itself, sufficient ground for a denial of unemployment benefits. See *Philadelphia Transportation Co. v. Unemployment Compensation Board of Review,* supra. However, in this case, additional, and substantial, evidence appears on the record which justifies the Board's determination that the appellant's unsatisfactory performance was the result of willful and conscious action, not mere inefficiency. The tasks he was assigned, to wit, removing paper and other debris from the ground and cutting grass, are relatively simple. Inexperience was not a factor. Appellant was observed socializing during periods in which he was expected to be working. He was, according to his foreman, seen sitting down clipping grass with handclippers at an extremely slow pace. Notwithstanding several admonitions from his supervisor, appellant failed to increase his speed and thereby improve his performance. No testimony was offered to indicate that a physical disability precluded appellant from exhibiting greater speed in the performance of his duties.

In the hearing before the Appeals Referee, the transcript of which appeared as evidence before the Board, the appellant testified that he had performed to the best of his ability and that he had received no warnings from his supervisor, prior to his discharge, with regard to the unsatisfactory nature of his performance. At best, the record presents a factual dispute which involved the credibility of witnesses, which the Board resolved against the appellant. Said resolution is binding on this Court. *Coleman v. Department of Labor,* supra.

For the reasons stated herein, the decision of the Unemployment Insurance Appeal Board is affirmed.

It is so ordered.