Edward J. Eyring, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and George School of Newtown, Pa., Respondents.

618

Submitted on briefs, October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Thomas E. Timby*, and *Timby and Dillon*, for appellant.

*Thomas S. Cadwallader, III*, and *Cadwallader, Bebbington, Habgood & Cadwallader*, for appellees.

OPINION BY JUDGE WILKINSON, JR., October 25, 1979:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying benefits to petitioner after a determination that his job performance included conduct which constitutes "willful misconduct" under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Petitioner was last employed as superintendent of buildings by the George School of Newton, Pennsylvania, for approximately four years. His employment was terminated effective June 1, 1978, after his employer's business manager had determined that petitioner had failed to perform his duties and after the

business manager had notified petitioner of the reasons for his termination by letter on May 6, 1978. Specifically, the letter stated that petitioner had failed to oversee a heating system failure, had failed to prepare plans for the testing of the electrical system following an almost total breakdown, and had failed to follow instructions to correct over-chlorination of the swimming pool. The business manager also cited petitioner's failure to familiarize himself with the heating plan of the school's sports center and petitioner's failure to personally notify the business manager before taking leave to attend his mother's funeral.

Upon petitioner's application for benefits, the Bureau of Employment Security[1] (Bureau) found that he was ineligible due to "willful misconduct" consisting of insubordination to his superior and disregard of his duties. Petitioner filed a petition for review, and a hearing was held on July 17, 1978, at which the referee found that while petitioner exhibited an ineptness in discharging responsibilities, he performed his work to the best of his ability and did not deliberately disregard instructions. Accordingly, the referee reversed the Bureau's decision.

The employer then filed a petition for appeal to the Board and submitted therewith a letter from the business manager reiterating the employer's position that the petitioner did not attempt to comply with instructions or learn systems. Without another hearing, the Board reversed the referee's decision on September 8, 1978, finding that petitioner had deliberately disregarded a directive to obtain proper chemical analysis for chlorination of the swimming pool, had refused to familiarize himself with the heating system, and had been absent without proper notice. The Board concluded that the record evidenced an accumulation of

---

[1] Now Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

incidents in which petitioner chose to ignore instructions and to take no action in job areas for which he held responsibility. This was found to be substantial evidence of conduct in willful disregard of the employer's best interest. We agree.

The question of whether or not an employee's actions constitute "willful misconduct" is a question of law, subject to our review. *Wardlow v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 44, 389 A.2d 253 (1978). Our Supreme Court has adopted as the definition of "willful misconduct" the Superior Court's definition in *Moyer Unemployment Compensation Case,* 177 Pa. Superior 72, 74, 110 A.2d 753, 754 (1955):

> ' "Willful misconduct" . . . has been held to comprehend an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.'

*Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976). Under this definition, we find substantial evidence in the record to support a finding of "willful misconduct" by the Board. This Court has stated that "if the conduct clearly discloses breaches of duties and obligations which are inimical to the employer's best interest, such acts on the part of the employee may constitute willful misconduct." *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 488-89, 296 A.2d 297, 300 (1972). Petitioner's conduct discloses an abrogation of responsibility with no justification offered by him for his refusal to perform reasonable requests. Contrary to petitioner's

position, a showing of actual intent to wrong the employer is not required. *Lee v. Temple University (Personnel)*, 26 Pa. Commonwealth Ct. 156, 363 A.2d 890 (1976). Petitioner's conscious indifference to his duty can support a finding of "willful misconduct." *Horan v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 194, 300 A.2d 308 (1973).

While we do agree with petitioner that the letter of July 26 reiterating the employer's position on appeal to the Board was not properly part of the record, we find that its inclusion was harmless error in that it merely restated facts formerly part of the record and was not mentioned by the Board as part of the basis of its decision. There is substantial evidence apart from that letter to support the Board's denial of benefits.

Accordingly, we will enter the following

### ORDER

AND Now, October 25, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-163887, dated September 8, 1978, is affirmed.