Walter Garvey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Rochelle Newman, Jokelson & Rosen, P.C.*, for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 1, 1981:

The petitioner[1] appeals a decision of the Board[2] which found him to be ineligible for unemployment benefits because of his discharge for willful misconduct.[3]

The Board found that the petitioner, a delivery supervisor for Canada Dry Company, was told by his superior to report to work at 1 p.m. on Saturday, September 1, 1979, to supervise the cleaning of trucks and to remain on the premises until he was relieved by the night supervisor who was to arrive between 7 p.m. and 8 p.m. It is undisputed that the petitioner left the premises at about 5 p.m. that day, and the Board further found that he had allowed the employees he was supervising to leave at 5 p.m., although there was still work to complete, telling them that they would be fully paid through 8 p.m. and that, contrary to company regulations, he had left the warehouse unsupervised for approximately three hours.

The Office of Employment Security denied the petitioner's claim for benefits, and this decision was affirmed by the referee. The Board also affirmed,

---

[1] Walter Garvey.

[2] Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

but, upon a petition for reconsideration, it remanded the case to another referee who took additional evidence as a hearing officer for the Board, and the Board thereafter reaffirmed the denial of benefits on the grounds that the petitioner had been discharged for willful misconduct.

The petitioner contends that the Board disregarded competent evidence by ignoring his testimony that he was never told to remain until 8 p.m. on that Saturday and that he did not leave the warehouse without supervision. He further contends that he is not guilty of willful misconduct because he did not intentionally disregard his employer's instructions.

Both arguments are without merit.

The record reveals directly conflicting testimony as to the instructions which were given to the petitioner concerning his work assignment. It is axiomatic, however, that the Board is the ultimate factfinder and that this Court is bound by the Board's determination of the credibility of the witnesses and the weight of the evidence. *Funkhouser v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980). Because there is substantial evidence in the record to support the Board's findings,[4] we must accept them.

Furthermore, the Board's findings establish that the petitioner ignored his employer's instructions to remain until 8 p.m. and left the warehouse unsupervised for three hours, and we believe that such behavior amounts to a willful disregard of the behavior which an employer has a right to expect from his employees. *Eyring v. Unemployment Compensation*

---

[4] Where the employer has met its burden of proving willful misconduct, our scope of review is limited to determining whether or not the Board's findings of fact are supported by substantial evidence. *Semon v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980).

*Board of Review,* 46 Pa. Commonwealth Ct. 617, 407 A.2d 86 (1979).

We will, therefore, affirm the Board's denial of benefits.

ORDER

AND Now, this 1st day of May, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.