# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

PEDRO CARBAJAL,           )
   Appellant,            )
                             )
   v.                     )      **C.A. No.: N14A-12-004-ALR**
                             )
LANDSCAPE SERVICE CO.,   )
                             )
   &                     )
                             )
UNEMPLOYMENT INSURANCE )
APPEALS BOARD         )
   Appellees.            )

Submitted: July 2, 2015
Decided: July 21, 2015

*On Appeal from the Decisions of the Unemployment Insurance Appeals Board*
**AFFIRMED**

Pedro L. Carbajal, Pro Se, for Appellant.

Paige J. Schmittinger, Deputy Attorney General, for the Unemployment Insurance Appeals Board.

**Rocanelli, J.**

This is an appeal by Pedro Carbajal ("Claimant") from a determination of the Unemployment Insurance Appeals Board ("UIAB") issued on December 12, 2014 in Case No. 20965332. The UIAB found that Claimant was discharged from his employment for just cause, and therefore was disqualified from the receipt of unemployment benefits. Claimant filed this appeal regarding the UIAB's decision. For the reasons set forth below, the decision of the UIAB is affirmed.

## Board's Factual Findings

Claimant worked for Landscape Service Co. ("Employer") as a full-time groundsperson from March 31, 2014 to August 19, 2014. Both Employer and Claimant agree that Claimant was hired under the condition that he would obtain a Commercial Driver's License ("CDL") within four months of his employment. Claimant passed the written portion of the CDL exam, but failed the driving portion on four separate occasions. On August 19, 2014, Claimant failed the driving portion of the CDL exam for the fourth time and was discharged on the same day.

## Procedural History

The Department of Labor issued a Notice of Determination on September 19, 2014 disqualifying Claimant from the receipt of unemployment insurance benefits after being discharged for just cause in connection with his work. Claimant filed a timely appeal of the decision.

1

An Appeals Referee conducted an Unemployment Insurance Appeals Hearing on October 10, 2014. Following the hearing, the Appeals Referee issued an opinion on October 16, 2014 reversing the determination that Claimant was disqualified from unemployment insurance benefits. The Appeals Referee's decision relied on *Starkey v. Unemployment Insurance Appeal Board.*[1] The Superior Court in *Starkey* established that just cause for termination "does not mean mere inefficiency, unsatisfactory conduct, or failure of performance as a result of inability or incapacity, inadvertence in isolated instances or good faith errors of judgment."[2] The Appeals Referee concluded that Claimant's failure to obtain his CDL was the result of inability rather than misconduct. As a result, the Appeals Referee determined that the Claimant was eligible to receive unemployment insurance benefits.

Employer filed a timely appeal of the Appeals Referee's decision. The UIAB held a hearing on November 12, 2014. In a decision issued on December 12, 2104, the UIAB reversed the decision of the Appeals Referee. The UIAB concluded that Claimant had been given sufficient opportunity to pass the CDL driving exam and that he did not make an effort to pass. As a result, the UIAB found that Claimant was discharged for just cause and, therefore, was disqualified from the receipt of unemployment benefits.

---

[1] 340 A.2d 165 (Del. Super. 1975).
[2] *Id.* at 166-167.

**Standard of Review**

The Court's appellate review of decisions of the UIAB is limited. The scope of review for any court considering a decision of the UIAB is whether the UIAB abused its discretion. Absent abuse of discretion, the Court must uphold a decision of the UIAB.[3] An appellate review of a decision by the UIAB is limited to determining whether the UIAB's finding and conclusions are free from legal error and are supported by substantial evidence in the record.[4] Substantial evidence is relevant evidence that a reasonable person could accept as adequate to support a conclusion.[5] The decision of the UIAB must be affirmed if it is supported by substantial evidence.[6]

**Discussion**

The UIAB considered the evidence presented at the November 12, 2014 hearing as well as the evidence presented to the Appeals Referee as part of the record. Employer and Claimant both testified that obtaining a CDL within four months was made a condition of the employment upon Claimant being hired.[7] Additionally, Employer testified that Claimant did not avail himself of the

---

[3] *Funk v. Unemp't Ins. App. Bd.*, 591 A.2d 222, 225 (Del. 1991); *Dept. of Labor v. Medical Placement Services, Inc.*, 457 A.2d 382, 383 (Del. Super. 1982).
[4] *See PAL of Wilm. v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).
[5] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[6] *General Motors Corp. v. Freeman*, 164 A.2d 686 (Del. 1960).
[7] UIAB Admin. Hearing at 6, 9, Nov. 12, 2014.

assistance provided to him for passing the CDL driving exam, such as instructive online videos and access to four other employees with a CDL who were available to provide advice or guidance. Further, Employer testified that Claimant never volunteered or offered to drive the trucks while at work, despite the fact that he had a valid permit to drive, which would have provided him valuable practice and experience to pass the driving portion of the CDL exam. The UIAB also heard testimony from a CDL driver working under Employer and alongside Claimant. The co-worker testified that he did not believe Claimant wanted to drive because it would require Claimant to drive in the city.

The Court is satisfied that the record contains substantial evidence to support the findings of the UIAB. The UIAB, as the fact finder, has the exclusive purview to consider "[t]he credibility of witnesses, the weight of their testimony and the reasonable inferences to be drawn therefrom."[8] The UIAB heard substantial evidence from Employer's testimony, Claimant's testimony, and the testimony of a co-worker to support the UIAB's finding that Claimant did not take advantage of assistance made available to him that would have helped Claimant to pass the driving test.

Moreover, the decision of the UIAB is free from legal error. As discussed, the Appeals Referee relied on *Starkey* in reaching the conclusion that Claimant was

---

[8] *Behr v. Unempl. Ins. Appeal Bd.*, No. 94A-07-005, 1995 WL 109026, at *1 (Del. Super. Feb. 7, 1995) *aff'd*, 670 A.2d 1336 (Del. 1995).

entitled to the receipt of unemployment insurance benefits because his failure to obtain a CDL was the result of inability rather than misconduct. However, the decision of the UIAB is, in fact, consistent with *Starkey*. In *Starkey*, the Superior Court also stated, "where evidence on the record exists from which a factfinder could infer that an employee's substandard performance is the result of a willful act in violation of the employer's interests rather than conduct which, at first glance, appears to be merely inadvertent or inefficient, a denial of benefits is most appropriate."[9] Considering all the evidence on the record, the UIAB found that Claimant's failure to obtain a CDL was not the product of mere inability, but rather the result of his failure to make any effort to pass the driving portion of the exam. As such, the findings of the UIAB are consistent with *Starkey* and the decision is free from legal error.

## Conclusion

The Court has examined the record below and determined that substantial evidence supports the UIAB's decision. The decision is free from legal error and the UIAB did not abuse its discretion.

---

[9] *Starkey*, 340 A.2d at 167.

NOW, THEREFORE this 21 day of July, 2015, the decision of the UIAB

hereby is AFFIRMED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____

**Honorable Andrea L. Rocanelli**