SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
(302) 856-5257

July 22, 2015

Gina Henry
204 High Street
Seaford, Delaware 19973

> **Re:** *Gina Henry v. Mountaire Farms of Delaware Inc.*;
> C.A. No. S15A-01-002
>
> Date Submitted: June 23, 2015
> Date Decided: July 22, 2015

Dear Ms. Henry:

Gina Henry appeals the decision of the Unemployment Insurance Appeal Board that found Ms. Henry had been discharged from her place of employment for just cause in connection with that employment. The Board's decision is affirmed for the reasons stated below.

### Nature and Stage of the Proceedings

Ms. Henry was employed by Mountaire Farms of Delaware Inc. ("Employer") as a general laborer in Employer's marination department from November 22, 2013, until she was discharged on July 28, 2014. A claims deputy reviewed Ms. Henry's claim for unemployment benefits and determined Ms. Henry had been terminated for just cause and, therefore, she was disqualified from the receipt of benefits. Ms. Henry appealed this determination and a hearing was set for September 15, 2014, before an Appeals Referee. Ms. Henry failed to appear at the scheduled time and place and the Appeals Referee dismissed the appeal. Ms. Henry appealed that decision and the Unemployment Insurance Appeal Board ("the Board") accepted Ms. Henry's reason for failing to

attend the September 15th hearing and remanded the matter for a hearing. The Appeals Referee held a hearing on October 20, 2014, and subsequently reversed the claims deputy's determination by way of written decision mailed October 23, 2014. Employer appealed and the Board held a hearing on December 3, 2014. By way of written decision mailed January 2, 2015, the Board reversed the Appeals Referee's decision and held Ms. Henry is not entitled to unemployment benefits. Ms. Henry filed a timely appeal with this Court and the case is ripe for decision.

## Discussion

When reviewing a decision of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[1] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] The Court's review is limited: "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[3]

Section 3314 of Title 19 of the Delaware Code provides, in pertinent part, that one shall be disqualified for unemployment benefits if she has been "discharged from [her] work for just cause in connection with [her] work."[4] "Generally, the term 'just cause' refers to a wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's

---

[1] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981); *Pochvatilla v. U.S. Postal Serv.*, 1997 WL 524062 (Del. Super.); 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

[2] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super.).

[3] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super.).

[4] 19 *Del. C.* § 3314(2).

expected standard of conduct."[5]   Where a decision to terminate an employee is based upon misconduct, the employer has the burden of establishing the misconduct.[6] "Misconduct, a term generally synonymous with 'just cause' does not denote 'mere ... inadvertence in isolated instances or good faith errors in judgment.'"[7] Violation of a reasonable company policy may constitute just cause for termination, provided the employee is aware of the policy and the fact that the violation thereof may result in the employee's termination.[8] Termination for insubordination may constitute "just cause" if "the insubordination consists of a wilful refusal to follow the *reasonable* directions or instructions of the employer."[9]  Under certain circumstances, a single act of insubordination may rise to the level of "just cause" to terminate an employee.[10]

In Ms. Henry's case, the Appeals Referee reversed the decision of the claims deputy because 1) Employer failed to introduce into evidence a copy of its policy that Ms. Henry allegedly violated; and 2) Employer's representative did not have first-hand knowledge of, and was unable to testify to, the specific incidents that formed the basis for the decision to terminate Ms. Henry's employment. At the Board hearing, Employer introduced a copy of its Employee Benefits Orientation Booklet, together with signed acknowledgment of receipt thereof.  Employer also presented the testimony of three eye witnesses to the incident that lead to the suspension, and ultimate termination, of Ms.

[5] *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. 1967).

[6] *McCoy v. Occidental Chem. Corp.*, 1996 WL 111126, at *3 (Del. Super.).

[7] *Price v. Blue Plate Diner*, 2003 WL 21537924, at *2 (Del. Super.) (quoting *Starkey v. Unemployment Ins. Appeal Bd.*, 340 A.2d 165, 166-67 (Del. Super. 1975)).

[8] *Burgos v. Perdue Farms, Inc.*, 2011 WL 1487076, at *2 (Del. Super.).

[9] *Scott v. Unemployment Ins. Appeal Bd.*, 1993 WL 390365, at *4 (Del. Super.) (citation and quotation marks omitted).

[10] *Jarrell v. Amerispec Home Inspections, Inc.*, 2011 WL 3908162, at * 4 (Del. Super.).

Henry's employment.[11]  Ms. Henry did not appear at the hearing.

The Board made the following findings of fact and conclusions of law:

The Board finds that [Ms. Henry's] conduct was insubordinate.  Three witnesses testified that Claimant refused to comply with her Supervisor's request that she tie bags.  In addition to insubordination being a sufficient basis for just cause, Employer has also included a policy within its handbook pertaining to insubordination. [Ms. Henry] was aware of this policy as she acknowledged receiving the handbook by signature on November 18, 2013.  Employer has demonstrated sufficient just cause to discharge [Ms. Henry].

On appeal, Ms. Henry attempts to reargue the facts of the case and attacks the veracity of Employer's witnesses.[12]  Unfortunately for Ms. Henry and as stated above, this Court must review the case on the record and may not make factual findings.  Moreover, this Court may not weigh questions of witness credibility.[13]

Employer's representative admitted into evidence a copy of Employer's orientation booklet, which outlines conduct that subjects an employee to disciplinary action, "up to and including termination."  Enumerated in that list is "Engaging in insubordination, including refusal to perform assignments."  By all accounts, including Ms. Henry's, Ms. Henry refused to perform her Employer-assigned task of tying bags on July 23, 2014.  Ms. Henry argues she did so out of concern for her pregnancy but, as agreed by both parties, Employer did not have any reason, much less written medical evidence thereof, to believe Ms. Henry was unable to perform her assigned work responsibilities at that time.  Melinda Lamas, Ms. Henry's supervisor, testified that Ms. Henry was

---

[11] Before the Appeals Referee, Employer relied on several incidents of improper conduct for which Ms. Henry had been disciplined to justify Ms. Henry's termination.  On appeal before the Board, Employer focused primarily on the final incident that led to Ms. Henry's termination.

[12] Ms. Henry also challenges the basis for a subsequent denial of unemployment benefits. That denial, however, is not properly before the Court at this time.

[13] *McCoy*, 1996 WL 111126, at *3 ("It is within the discretion of the Board, not the court[,] to weigh the credibility of witnesses and to resolve conflicting testimony.").

yelling and angry when she refused to perform her task at Ms. Lamas' request. Ms. Henry was on notice that such behavior could result in the termination of her employment. The Court finds the Board's decision is supported by substantial evidence and is free from legal error.

**Conclusion**

For the reasons stated herein, the Board's decision disqualifying Ms. Henry from receiving unemployment benefits is AFFIRMED.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

oc: Prothonotary

cc: Mountaire Farms of Delaware Inc.
   Unemployment Insurance Appeal Board